NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES BANDY; BRYAN CASTRO; MICHAEL ECHTERNKAMP; KAMESHA SYLVESTER HAMILTON; MARIA HARDY; NIDIA SANCHEZ; CLIFF WOODHALL; DANIELLE HENDERSON; NOAH HENDERSON; BRIAN LISCIO; JOHN SIDDONS; BREE SWEET, each individually and on behalf of all other similarly situated; JUAN CARLOS, | No. 25-2095 D.C. No. 2:24-cv-10492-SB-JPR MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| MOVE, INC.; MOVE SALES, INC.; NEWS CORPORATION; NATIONAL ASSOCIATION OF REALTORS; OPCITY ACQUISITION, LLC; OPCITY, INC.; DOES, 1 through 20, inclusive; REALTORS INFORMATION NETWORK, INC., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted August 6, 2026

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Plaintiffs, who are real estate agents seeking to represent a class, sued Defendant Move, Inc., and several other entities for fraudulently inducing Plaintiffs to buy a lead-generation service. Defendants moved to compel Plaintiffs to arbitrate under their agreements pursuant to the Federal Arbitration Act ("FAA"). After dismissing all other defendants on various other grounds,[1] the district court granted the motion to compel arbitration and dismissed the case without prejudice. But the court also stated that the dismissal would be "functionally indistinguishable from a stay in terms of the parties' ability to seek confirmation, modification, or vacatur of an arbitration award." At the hearing on Defendant's motion, the court explained: "[T]he Court can dismiss, rather than stay this case, and I'll dismiss it without prejudice. And let me just indicate that that will be of no difference, in my view, to the parties because I will still retain jurisdiction[.]"

We consider de novo our appellate jurisdiction. Lynn v. Gateway Unified Sch. Dist., 771 F.3d 1135, 1139 (9th Cir. 2014). For the following reasons, we dismiss the appeal.

---

[1] Plaintiffs do not challenge those dismissals.

Under the FAA, a "final decision with respect to an arbitration" is appealable. 9 U.S.C. § 16(a)(3). An order compelling arbitration of a plaintiff's claims and dismissing the case with prejudice is an appealable "final decision," id., but an order compelling arbitration and staying the case is not,[2] Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86–87, 87 n.2 (2000). See Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005) (holding that an order compelling arbitration and staying a case "is not appealable even if accompanied by an administrative closing"). In some circumstances, an order compelling arbitration and dismissal of the case without prejudice also is an appealable final decision under the FAA. Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co., 249 F.3d 1177, 1179 (9th Cir. 2001). But not all dismissals without prejudice are "final" for purposes of appellate jurisdiction. WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). To be "final," an order must "clearly evidence[] the judge's intention that it be the court's final act in the matter." Van Dusen v. Swift Transp. Co., 830 F.3d 893, 896 (9th Cir. 2016) (citation omitted); see Green Tree, 531 U.S. at 86 (giving the term "final decision" in 9 U.S.C. § 16(a)(3) "its well-established meaning"). If a dismissal order is ambiguous, we examine the whole

---

[2] Where, unlike here, the only issue in a case is a request to compel arbitration and no other "substantive claims for relief" are at issue, "appellate jurisdiction may attach regardless of whether the district court issues a stay." Int'l All. of Theatrical Stage Emp. & Moving Picture Technicians, It's Trusted Loc. 720 v. Insync Show Prods., Inc., 801 F.3d 1033, 1040 (9th Cir. 2015).

3

record to determine the district court's intention.  Unified Data Servs., LLC v. FTC, 39 F.4th 1200, 1207 (9th Cir. 2022).

The order here is ambiguous.  Although the court styled the order as a dismissal without prejudice, the court also stated that the order would be "functionally indistinguishable" from a stay for certain purposes.  The court anticipated the possibility of adjudicating a motion to confirm, vacate, or modify the parties' arbitration award.  Furthermore, the court expressed the intention to retain jurisdiction to do so, rather than requiring the parties to file a separate action.  Cf. Green Tree, 531 U.S. at 86 (noting that parties' ability to "bring a separate proceeding" to confirm an arbitration award "does not vitiate the finality" of a dismissal (emphasis added)).  We conclude that the district court did not intend to enter a final decision ending the case within the meaning of the cited authorities.  Accordingly, we lack appellate jurisdiction.[3]

**APPEAL DISMISSED.**

---

[3] In light of our conclusion, we need not decide whether, under new precedent, a court that orders arbitration is required to enter a stay rather than dismissing the action.  See Jules v. Andre Balazs Props., 146 S. Ct. 1209, 1215 n.1 (2026) ("[T]his Court has held that [9 U.S.C.] § 3 does not authorize a district court to dismiss a case after finding it to be arbitrable; the text of § 3 says that a federal court 'shall . . . stay' proceedings, so a stay is required."  (ellipsis in original)); Smith v. Spizzirri, 601 U.S. 472, 478 (2024) ("[S]taying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts.").